FILED

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## CHAPTER 13

2016 JAN 13 P 1:31

CLERK U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN RE:**

**STUART JOSEPH SELVAGGI,**

**CHAPTER 13**
**Case No. 16-bk-00033-8C3-CPM**

                    **Debtor**

_____/

## EMERGENCY HEARING  REQUESTED
## MOTION TO SET SALE ASIDE AND ENFORCE AUTOMATIC STAY

The debtor, STUART JOSEPH SELVAGGI, hereby files this Motion to Set Aside Sale

which violated the Automatic Stay and as grounds therefore would state:

1.  The purpose of this Motion and Order are to insure this Bankruptcy Court

    approves any and all action against the bankruptcy estate.  Debtor filed

    Chapter 13 bankruptcy on January 5, 2016  in the United States Bankruptcy

    Court.  The time of filing the case is reflected on the Clerk's receipt and was

    09:27:2016 attached as Exhibit A.

2.  A foreclosure sale of the debtor's residence,   physical address 8410 66th Way

    North, Pinellas Park, Fl 33781, legal description of Lot 1, Block 7 of

    Palmbrooke Townhomes, according to the Plat thereof as recorded on Plat

    Book 130, pages 35 through 39, of the Public Records of Pinellas County,

    Florida,    was scheduled on the same day January 5, 2016  at 10:00am.  The

    actual time of the auction was 11:17am.  The actual time is reflected in the print

    out of the Pinellas county online auction history and attached as Exhibit B.  This

state court civil foreclosure case is in Pinellas County, and is case 13-002609-CI. This property is the subject property.

3. Debtor filed Suggestion of Bankruptcy in the foreclosure case on the same day, attached as Exhibit C.

4. Debtor purchased the property on June 04, 2014 at a foreclosure auction in which plaintiff was the Home Owners Association. Certificate of Title reflecting this sale shown as Exhibit D. The amount paid by Debtor was $39,033.70. Debtor has made this property his home, and has paid all maintenance, insurance, and HOA payments. Debtor has legal interest in this property since June 04, 2014, and has equitable/beneficial interest in the property since the same date.

5. The subject property is the property of the bankruptcy estate under **11 U.S. Code § 541 (a):**

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: **(1)**Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

6. The Automatic Stay applies to the property of the bankruptcy estate under **11 U.S. Code § 362:**

**(a)**Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all

entities, of—

**(2)** the enforcement, against the debtor <u>or against property of the estate</u>, of a judgment obtained before the commencement of the case under this title;

**(3)** <u>any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;</u>

**(4)** any act to create, perfect, or enforce any lien <u>against property of the estate.</u>

7.   The Automatic Stay went into effect <u>prior to</u> the sale of the property.  The Suggestion of Bankruptcy was filed on January 5, 2016 giving notice to the Judge in the state court foreclosure case.


8. The Plaintiff in this state foreclosure case is Ocwen Loan Servicing, LLC.  The defendants are the previous owners, Tom and Marilyn Parker.  The Debtor Selvaggi is not a defendant in the case.


9. The following case events occurred after the Suggestion of Bankruptcy was filed on January 5, 2016.

    a. The high bidder in the  auction,  Michael J Hall and Lucille M Hall,  filed Motion To

Issue Certificate of Title on January 6, 2016, shown as Exhibit E.  This Motion acknowledges the  Chapter 13 case filed by the Debtor.

The Chapter 13 case was filed and opened in the Tampa Division of the United States Bankruptcy  Court prior to the scheduled foreclosure sale time of 10:00am and

prior to the actual sale time of 11:17am.   Said Motion acknowledges  explicitly

Debtor has legal and equitable interest in the property.

b. The high bidder sent cover letter and proposed Order and was received by Judge
St. Arnold on January 6, 2016 shown

as Exhibit F.   The cover letter and Order acknowledges the Chapter 13 of the

Debtor.

c. Judge signed the Order on January 7, 2016 shown in  Exhibit G.  This is Order to

Issue Certificate of Title, and was Ordered <u>TWO </u>days after the Auction Sale date.

Under the 2015 Florida statute 45.031 Judicial sales procedures, the certificate of

title shall be filed if no objections to the sale are filed within <u>10 days</u>:

**45.031 (5)    CERTIFICATE OF TITLE.**—If no objections to the sale are filed within

10 days after filing the certificate of sale, the clerk shall file a certificate of title and

serve a copy of it on each party in substantially the following form:


d. Neither the letter nor the Order were filed in the civil court records department
until January 8, 2015 at 4:44pm, as shown in Exhibit G.   The clerk's office closes at
4:30pm.  This filing was 14 minutes AFTER the records department closed.  The
public court docket was not updated until Monday January 11, 2016.   The effect of
these occurrences was that Selvaggi was unaware of these actions against the
property of the bankruptcy estate including communications, letter,
proposed Order, and signed Order until January 11, 2016,  Five days after receipt.


Each of these actions is violation of the automatic stay.   The signing of the Order
indicates the state case is being accelerated, and this acceleration is in direct

violation of 2015 Florida statute 45.031 Judicial sales procedures which requires 10 day period in which to file Objection to Sale.

10. Debtor Selvaggi discovered the signed Order on January 11 when the public docket showed this action, and immediately prepared and filed in state court Motion to Reconsider Order Granting Motion to Issue Certificate, attached as Exhibit H.

11. Debtor Selvaggi discovered the state case had been closed, and paid $50 to reopen the case on January 12 , clerk receipt attached as Exhibit I.  The state court docket printed as of 11:05am January 13, 2016 is attached as Exhibit J, however this reopening of the case is not reflected.  Debtor Selvaggi prepared and filed in the reopened state case Objection to Sale and Motion to Stay attached as Exhibit K.

12. Debtor Selvaggi prepared and delivered Notice to attorney for Plaintiff Ocwen Loan Servicing, LLC ;  Attorney is Jennifer Tarquinio, Brock and Scott, attached as Exhibit L.  Receipt of delivery of this Notice is 8:45am January 11, 2016 is shown as Exhibit M.   Debtor has placed 10 calls to Jennifer Tarquinio, and no return calls to Debtor have been received.

13. Debtor is unable to pay legal fees required for representation.  The time demand for responding to the ongoing process against the property of the bankruptcy estate has prevented Debtor from completing remaining schedules and plan. These schedules will reflect the following facts:  that Debtor has IRS debt; that Debtor suffered drastic income and savings loss throughout entire 2015.  Debtor seeks relief provided by Chapter 13 reorganization.  Debtor Selvaggi had health

issue throughout 2015.   One member of Debtor's family is pregnant with delivery in next two weeks and is residing with Debtor.

14. Debtor has exhausted all methods to communicate the Automatic Stay to all parties involved in the above detailed violations of the Automatic Stay.   The violations of the Automatic Stay are continuing.

15.  Willful violations of the Automatic Stay are punishable for actual damages, punitive and exemplary damages, and for legal fees.   Once notice is given to attorney in state court civil action which violates the Automatic Stay, to avoid award of damages or finding of contempt, attorney has affirmative duty to undo technical violation of Automatic Stay when foreclosure auction occurred.   After such notification, attorney's failure to undo technical violation transforms the technical violation into **willful stay violation**, thus attorney would be held in contempt of court and would be ordered to pay attorney fees that had resulted from having to bring the matter before the court.  **11 U.S. Code § 362(h).**


16. In summary, the property of the bankruptcy estate has been foreclosed upon, after the filing of the bankruptcy case and in clear violation of the Automatic Stay. Debtor Selvaggi has exhausted all avenues to stay these violations.  Debtor Selvaggi is fearful the same pattern of violations is occurring and will not stop.

17. The Court has the authority to set aside sales which are in violation of the Automatic Stay and to take action to Enforce the Automatic Stay.

18.  Debtor Selvaggi prays this Court to Enforce the Automatic Stay by Setting Aside the Sale dated January 5, 2016 in the state civil case described above, Civil Case 13-002609-CI, in Pinellas County, Florida. This sale occurred when the Automatic Stay was in effect, and against the property of the bankruptcy estate. Furthermore, all methods by Debtor to stop the violations have been ignored, and the violations have continued. If the violations of the Automatic Stay are allowed to continue, Debtor will continue to suffer, and such suffering will be catastrophic if violations are allowed to continue.

Setting the Sale Aside will insure the Automatic Stay is enforced, and will insure this Court approves any and all action against the bankruptcy estate. It will allow the high bidder to receive a refund of bid amount paid to the county.

Debtor Selvaggi prays the Court to enforce the Automatic Stay by Order to Set Aside the Sale dated January 5, 2016 in the state civil case 13-002609-CI in Pinellas County, Florida, and any other Orders the Court sees fit to allow enforcement of the Automatic Stay and protect the bankruptcy estate.

Stuart Joseph Selvaggi
Debtor
8410 66TH Way N
Pinellas Park, FL 33781
650-906-8370 — mobile
727-541-5525- work

CERTIFICATE OF SERVICE☐

I HEREBY CERTIFY that a true copy hereof has been furnished by mail to the persons listed below this _13th_ day of _January_, 20_16_.

The Honorable Judge St. Arnold
315 Court Street, #423
Clearwater, FL 33756

Clerk of the Court, Ken Burke
315 Court Street
Clearwater, FL 33756

**OCWEN LOAN SERVICING LLC**
c/o Brock and Scott PLLC
1501 NW 49th St, Suite 200
Ft. Lauderdale, FL 33309

Michael J and Lucille M Hall
6648 83rd Ave North
Pinellas Park, FL 33781

**THE BANK OF NEW YORK MELLON**
*FORMERLY KNOWN AS* THE BANK OF NEW YORK AS TRUSTEE FOR ETC
ONE WALL STREET
NEW YORK, NY 10286

Stuart Joseph Selvaggi
Debtor
8410 66TH Way N
Pinellas Park, FL 33781
650-906-8370 — MOBILE
727-541-5525 WORK

**UNITED STATES
BANKRUPTCY COURT**
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**# 126755 - EO**

**January 05, 2016
09:24:15**

**INST. PMT 6/1/14
16-00033-8C3**
Name...: SELVAGGI, STUART JOSEPH
Judge..: MCEWEN
Amount.:                    $100.00 CH
Check#.: 4503

**Total-> $100.00**

FROM: SELVAGGI, STUART JOSEPH

**** Creditor Meeting *****

Case....16-00033

Trustee.WAAGE,JON
When....February 02, 2016
AT......10:00 a.m.

Where.[861] Tampa Room 100-B
501 East Polk St., (Timberlake Ann
ex)

Tampa, FL 33602
Visit us online: www.flmb.uscourts.gov

Attorneys!
Ask about our AE-Receipts option.
Get receipts emailed directly to you!

EXHIBIT "A"



EXHIBIT "B"

CASE 13-002609-CI

Ocwen Loan Servicing, LLC  vs Marilyn Parker, et al.



## <u>SUGGESTION OF BANKRUPTCY</u>

I am the owner of record for this subject property.

 I filed bankruptcy at 9:24am January 5, 2016, Bankruptcy Case 16-00033-8C3.

The bankruptcy automatic stay applies to all property in which I have interest.   Attached as Exhibits are receipt of filing bankruptcy showing case number and time of filing,  and Certificate of Title showing my interest in this property.

The foreclosure sale dated today occurred after I filed for bankruptcy protection. I respectfully request this sale to be stopped and not completed.

Stuart Selvaggi

8410 66th Way North

Pinellas Park, FL 33781

650- 706- 8370

EXHIBIT "C"   pg 1

```
        UNITED STATES
      BANKRUPTCY COURT
       MIDDLE DISTRICT OF FLORIDA
            TAMPA DIVISION


      #  126755  -  EO


      January 05, 2016
           09:24:15


        INST. PMT 6/1/14
        16-00033-8C3
Name...: SELVAGGI, STUART JOSEPH
Judge..: MCEWEN
Amount.:              $100.00 CH
Check#.: 4503




      Total->   $100.00




FROM: SELVAGGI, STUART JOSEPH



**** Creditor Meeting  *****

Case....16-00033

Trustee.WAAGE,JON
When....February 02, 2016
AT......10:00 a.m.

Where.[861] Tampa Room 100-B
       501 East Polk St., (Timberlake Ann
ex)

      Tampa, FL 33602
Visit us online: www.flmb.uscourts.gov

Attorneys!
Ask about our AE-Receipts option.
Get receipts emailed directly to you!
```

EXHIBIT " C " pg 2

CIRCUIT/COUNTY COURT
PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

UCN: 522013CC007764XXCOCO

REF: 2082268
Doc Stamps Assessed $280.70
PAID

PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOCIATION
Plaintiff

VS.

PARKER, TOM W ;  PARKER, MARILYN W
Defendant

## CERTIFICATE OF TITLE

The undersigned Clerk of the Circuit Court certifies that he executed and filed a Certificate of Sale in this action on May 23, 2014, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Pinellas County, Florida:

**LOT 1, BLOCK 7 OF PALMBROOKE TOWNHOMES, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 130, PAGE(S) 35 THROUGH 39, OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.**

Property Address: <u>8410  66th Way North, Pinellas Park, Florida 33781</u>

was sold to: STUART SELVAGGI
whose address is
<u>13506 Paddington Circle</u>
<u>Austin, TX 78729</u>

WITNESS my hand and the seal of this court on <u>June 04, 2014</u>.



KEN BURKE, CPA
CLERK OF THE CIRCUIT COURT
& COMPTROLLER

EXHIBIT "C" pg 3
EXHIBIT

CIRCUIT/COUNTY COURT
PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

UCN: 522013CC007764XXCOCO

REF: 2082268
Doc Stamps Assessed $280.70

PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOCIATION
Plaintiff

PAID

VS.

PARKER, TOM W ;  PARKER, MARILYN W
Defendant

### CERTIFICATE OF TITLE

The undersigned Clerk of the Circuit Court certifies that he executed and filed a Certificate of Sale in this action on May 23, 2014, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Pinellas County, Florida:

**LOT 1, BLOCK 7 OF PALMBROOKE TOWNHOMES, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 130, PAGE(S) 35 THROUGH 39, OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.**

Property Address: 8410  66th Way North, Pinellas Park, Florida 33781

was sold to: STUART SELVAGGI
whose address is
13506 Paddington Circle
Austin, TX 78729

WITNESS my hand and the seal of this court on   June 04, 2014 .

KEN BURKE, CPA
CLERK OF THE CIRCUIT COURT
& COMPTROLLER

EXHIBIT  " D "

NOTE: THIS IS IDENTICLE TO EXHIBIT C pg 3.

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT, IN AND FOR PINELLAS COUNTY, FLORIDA, CIVIL DIVISION

UCN: 522013CA002609XXCICI

REF: 13-002609-CI

Ocwen Loan Servicing, LLC
    Plaintiff,    and
Marilyn Parker aka Marilyn W Parker; Tom Parker aka Tom W Parker;
Palmbrooke Townhomes Property Owners Assoc Inc, The Bank of New York Mellon,
    Defendants,

_____/

## MOTION TO ISSUE CERTIFICATE OF TITLE

Michael J and Lucille M Hall, respectfully moves this Honorable Court to grant this Motion to Issue Certificate of Title, and as grounds therefore states:

Michael J and Lucille M Hall placed the winning bid at the Judicial Online Sale on January 5, 2016 for property having a physical address of 8410 66th Way North, Pinellas Park, FL 33781, and the legal description of Lot 1, Block 7 of Palmbrooke Townhomes, according to the Plat thereof as recorded in Plat Book 130, Pages 35 through 39, of the Public Records of Pinellas County, Florida.

On January 5, 2016, a non-party in the above referenced case, Stuart Joseph Selvaggi, filed a Suggestion of Bankruptcy after the sale was complete in an attempt to stall the issuance of the certificate of title. As of the filing of this motion, there is no Suggestion of Bankruptcy appearing in PACER for Stuart Joseph Selvaggi. However, and more importantly, Stuart Selvaggi is not a defendant.

Exhibit A shows a discharged Ch 7 bankruptcy for Stuart Joseph Selvaggi in the state of California, which was closed on September 7, 2012, prior to taking title to the foreclosed property.

Exhibit B shows that the Notice of Lis Pendens for the above case was filed by Ocwen Loan Servicing, LLC on March 11, 2013. Stuart Joseph Selvaggi obtained title after the Lis Pendens.

Exhibit C shows that a Certificate of Title was issued to Stuart Selvaggi as a result of a Judicial Online Sale on June 5, 2014. Therefore, Stuart Joseph Selvaggi was on notice of the Lis Pendens and took title subject to the same.

Stuart Joseph Selvaggi is not a party to the case referenced above and the Suggestion of Bankruptcy filed should not have any bearing on the issuance of the certificate of title.

Michael J and Lucille M Hall prays that this Honorable Court will grant this Motion to Issue Certificate of Title.

Michael J and Lucille M Hall
6648 83rd Ave North
Pinellas Park, FL 33781
Ph: 816-305-6682   Fx: 727-489-9498

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished by US mail to:   Marilyn and Tom Parker, 8410 66th Way N, Pinellas Park, FL 33781, Palmbrooke Townhomes Property Owners Assoc Inc

EXHIBIT "E"    pg 1

c/o Rabin Parker PA, 28163 US Hwy 19 N, Suite 207, Clearwater, FL 33761, The Bank of New York
Mellon, One Wall Street, New York, NY 10286, Ocwen Loan Servicing, LLC c/o Brock and Scott PLLC,
1501 NW 49th St, Suite 200, Ft Lauderdale, FL 33309 and Stuart Joseph Selvaggi,13506 Paddington
Circle, Austin, TX 78729 on this 6th day of January, 2016.

Michael J and Lucille M Hall

I, Mary Jo Rohr, a nonlawyer, located at 6630 79th Ave N, Pinellas Park, FL 33781, 727-667-9858, helped
Michael J and Lucille M Hall, who is the Petitioner, fill out this form.

Attached: Exhibits A, B and C

EXHIBIT "E" pg 2

January 6, 2016

The Honorable Jack R St. Arnold
315 Court Street, Room 468
Clearwater, FL 33756          13-2609-ci

RE:  Ocwen Loan Servicing LLC vs Tom and Marilyn Parker

Dear Judge St. Arnold,

    You are receiving this sincere request for your ruling regarding a Judicial Online Sale held yesterday.

    Evidence should show that it is clear that the nonparty is attempting to hinder and stall the issuance of the certificate of title for his own personal gain.

    Enclosed, for your convenience, please find a copy of the Motion filed, a Proposed Order Granting the Clerk of the Court to Issue the Certificate of Title, and stamped, addressed envelopes to all parties involved.

    We thank you in advance for your time and consideration and hope that this case can be closed.  If you have any questions, please feel free to contact our representative, Mary Jo Rohr at 727-667-9858.

Respectfully submitted,

Michael and Lucille Hall

RECEIVED
JAN 0 6 2016
JACK ST. ARNOLD
Circuit Judge

EXHIBIT "F"

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT, IN AND FOR
PINELLAS COUNTY, FLORIDA, CIVIL DIVISION

UCN: 522013CA002609XXCICI                                    REF: 13-002609-CI

Ocwen Loan Servicing, LLC
            Plaintiff,        and
Marilyn Parker aka Marilyn W Parker; Tom Parker aka Tom W Parker;
Palmbrooke Townhomes Property Owners Assoc Inc, The Bank of New York Mellon,
            Defendants,
_____/

### ORDER GRANTING MOTION TO ISSUE CERTIFICATE OF TITLE

THIS matter came before the Court by the Purchasers who request to strike an irrelevant entry
from a nonparty.  The Court having reviewed the Motion and its contents, hereby finds that:

1.  Michael J and Lucille M Hall placed the winning bid at the Judicial Online Sale on January 5,
    2016.
2.  Stuart Selvaggi took title to the property via the Homeowners Association online foreclosure
    sale, Case No. 13-007764-CO, which was fifteen months after Ocwen Loan Servicing, LLC
    recorded their Lis Pendens.
3.  The suggestion of bankruptcy entered by Stuart Joseph Selvaggi on January 5, 2016, after the
    online sale, has no bearing in the Issuance of the Certificate of Title, therefore, it is hereby

**ORDERED AND ADJUDGED:**

That, as a result of the Judicial Online Sale, the Clerk of the Circuit Court shall Issue the
Certificate of Title to Michael J and Lucille M Hall.

DONE AND ORDERED, at _____, Pinellas County, Florida, this 7ᵗʰ day of
_____, 2016.

HONORABLE JACK R ST ARNOLD

Copies to:
Ocwen Loan Servicing, LLC c/o Brock and Scott PLLC, 1501 NW 49th St, Suite 200, Ft Lauderdale, FL
33309
Marilyn and Tom Parker, 8410 66th Way N, Pinellas Park, FL 33781
Palmbrooke Townhomes Property Owners Assoc Inc c/o Rabin Parker PA, 28163 US Hwy 19 N, Suite
207, Clearwater, FL 33761
The Bank of New York Mellon, One Wall Street, New York, NY 10286
Stuart Joseph Selvaggi, 13506 Paddington Circle, Austin, TX 78729
Michael and Lucille Hall, 6648 83rd Ave N, Pinellas Park, FL 33781

**NO ENVELOPES / COPIES
PROVIDED**

EXHIBIT "G"

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT, IN AND FOR PINELLAS COUNTY, FLORIDA, CIVIL DIVISION**

UCN: 522013CA002609XXCICI                           REF: 13-002609-CI

Ocwen Loan Servicing, LLC Plaintiff,

and

Marilyn Parker, et al  Defendants

*FILED MONDAY JAN 11, 2016 AND HAND DELIVERY TO COURT REPORTER*

MOTION TO RECONSIDER ORDER GRANTING MOTION TO ISSUE CERTIFICATE OF TITLE

Stuart Selvaggi, respectfully moves this Honorable Court to grant this Motion to Reconsider the Order Granting Motion to Issue Certificate dated January 8, 2016, and as grounds therefore would show:

1. Stuart Selvaggi is the legal owner and has legal interest in the subject property having address of 8410 66th Way North, Pinellas Park, FL 33781 and the legal description of Lot 1, Block 7 of Palmbrooke Townhomes, according to the Plat thereof as recorded on Plat Book 130, pages 35 through 39, of the Public Records of Pinellas County, Florida. evidenced by Exhibit A, Certificate of Title.

I have beneficial interest in this property evidenced by the purchase reflected on the Certificate of Title consideration of which was $40,000; and all payments made since June 4, 2014 for all maintenance, insurance, and HOA monthly dues.

2. The below captioned Chapter 13 case was filed on January 5, 2016 PRIOR to the foreclosure auction scheduled on the same day for Case 13-002609-CI:

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

IN RE:
STUART SELVAGGI                    CASE NO. 8:16-BK-0033-CPM
                                                        CHAPTER 13

Instant bankruptcy case was filed prior to the commencement of the foreclosure auction

*EXHIBIT " H "  Pg 1*

on January 5, 2016 in the above captioned civil case. Please see Exhibit B, copy of receipt from this Division showing date, time, and the case number issued immediately upon filing of the bankruptcy case. The bankruptcy case was opened and case number assigned at 09:24:15 January 5, 2016 by the Clerk of the United States Bankrutpcy Court, Tampa Division.  Exhibit B1 is the docket from Pacer showing this filing.

The Auction was scheduled to start at 10:00:00am January 5, 2016.

Stay arises automatically upon the filing of a bankruptcy petition.  Debtor need do nothing else to effect the stay. **11 U.S. Code § 362**

### 3.    The subject property is the property of the bankruptcy estate.

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
**(1)**Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.  **11 U.S. Code § 541 (a).**

### 4. The Automatic Stay applies to the property of the bankruptcy estate.

**(a)**Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
**(1)**the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
**(4)** any act to create, perfect, or enforce any lien against property of the estate
**11 U.S. Code § 362**

### 5. The foreclosure auction occurred AFTER the commencement of the instant bankruptcy case and violates the Automatic Stay.


EXHIBIT "H" pg 2

6. Any continuance of the judicial process of the state court civil matter against the Ch 13 debtor Selvaggi that was commenced before the commencement of the Chapter 13 case is a violation of the Automatic Stay.

The Auction which took place on January 5, 2016 is Void Ab Inito and in violation of the Automatic Stay.

The filing of the Motion to Issue Certificate of Title filed by Michael J and Lucille M Hall on January 6, 2016, attached Exhibit C, is  violation of the Automatic Stay.

Any continuance of process in Case 13-002609-CI after the Chapter 13 filing date and time of 09:24:15 January 05, 2016 is in clear violation of the Automatic Stay.

Stuart Selvaggi prays this Honorable Court will grant this Motion to Reconsider Order to Issue Certificate of Title, and deny the Motion to Issue Certificate of Title.

Stuart Selvaggi
8410 66th Way North
Pinellas Park, FL 33781
650-906-8370

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished by mail to the persons listed below this _11_ day of _January_, 20_16_.

OCWEN LOAN SERVICING LLC
c/o Brock and Scott PLLC
1501 NW 49th St, Suite 200
Ft. Lauderdale, FL 33309

Michael J and Lucille M Hall
6648 83rd Ave North
Pinellas Park, FL 33781

THE BANK OF NEW YORK MELLON
FORMERLY KNOWN AS  THE BANK OF NEW YORK AS TRUSTEE FOR ETC
ONE WALL STREET
NEW YORK, NY 10286

PARKER, TOM  ALSO KNOWN AS  PARKER, TOM W
8410 66TH WAY N
PINELLAS PARK, FL 33781

EXHIBIT "H" pg3

**PARKER, MARILYN** *ALSO KNOWN AS* **PARKER, MARILYN W**
8410 66TH WAY N
PINELLAS PARK, FL 33781

**PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOCIATION INC**
**MONIQUE E PARKER**
RABIN PARKER P A
28163 US HWY 19 N
SUITE 207
CLEARWATER, FL 33761

_____

Stuart Selvaggi

EXHIBIT " H " page 4

## OFFICIAL RECEIPT



### KEN BURKE, CLERK OF THE CIRCUIT COURT AND COMPTROLLER

Visit us at www.mypinellasclerk.org.
Clerk's Customer Information Center
727-464-7000

Receipt No.  **CV-2016-01281**
Transaction Date  01/12/2016
Payor
STUART SELVAGGI

| Description | Amount Paid |
|---|---|
| OCWEN LOAN SERVICING LLC 13-002609-CI OCWEN LOAN SERVICING LLC Vs. MARILYN PARKER, et al | 50.00 |
| Reopen Fee - $50.00 | **50.00** |
| **SUBTOTAL** | |
| Remaining Balance Due: | 0.00 |
| Convenience Fee | 1.75 |
| **PAYMENT TOTAL** | **51.75** |
| CREDIT CARD (Ref #14640226) Tendered | 50.00 |
| Total Tendered | **50.00** |
| Change | 0.00 |

| | | Audit |
|---|---|---|
| 01/12/2016 12:03 PM | Cashier EMB Station CLWCV2 | 17598888 |

**OFFICIAL RECEIPT**

EXHIBIT I

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine
Search   Back                                                              Location : Pinellas County   Help

# REGISTER OF ACTIONS
## CASE NO. 13-002609-CI



Order Documents!   *Click Here!*

*Request Now!*  Including Certified!

OCWEN LOAN SERVICING LLC Vs. MARILYN PARKER, et al

§
§
§
§
§
§
§
§
§

Case Type:  REAL PROP - NON-
HOMESTEAD RES
FORECLOSURE3 $250,000 or
more
Date Filed:  03/06/2013
Location:  Section 21
Judicial Officer:  ST. ARNOLD, JACK R
UNIFORM CASE NUMBER:  522013CA002609XXCICI

## PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **CLOSED DEFENDANT - DISMISSED/DR** | **UNKNOWN SPOUSE OF MARILYN PARKER** 8410 66TH WAY N PINELLAS PARK, FL 33781 | |
| **CLOSED DEFENDANT - DISMISSED/DR** | **UNKNOWN SPOUSE OF TOM PARKER** 8410 66TH WAY N PINELLAS PARK, FL 33781 | |
| **CLOSED DEFENDANT - DISMISSED/DR** | **UNKNOWN TENANT/OCCUPANT** 8410 66TH WAY N PINELLAS PARK, FL 33781 | |
| **CLOSED DEFENDANT - SUBSTITUTED** | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC** *AS NOMINEE* *FOR* COUNTRYWIDE HOME LOANS INC 1200 SOUTH PINE ISLAND RD PLANTATION, FL 33324 | |
| **DEFENDANT** | **PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOC INC** 28163 US HWY 19 N SUITE 207 CLEARWATER, FL 33761 | **MONIQUE E PARKER** RABIN PARKER P A SUITE 207 28163 US HWY 19 N CLEARWATER, FL 33761 727-475-5535(W) |
| **DEFENDANT** | **PARKER, MARILYN** *ALSO KNOWN AS* PARKER, MARILYN W 8410 66TH WAY N PINELLAS PARK, FL 33781 | |
| **DEFENDANT** | **PARKER, TOM** *ALSO KNOWN AS* PARKER, TOM W 8410 66TH WAY N PINELLAS PARK, FL 33781 | |
| **DEFENDANT** | **THE BANK OF NEW YORK MELLON** *FORMERLY KNOWN AS* THE BANK OF NEW YORK AS TRUSTEE FOR ETC ONE WALL STREET NEW YORK, NY 10286 | |
| **PLAINTIFF** | **OCWEN LOAN SERVICING LLC** | **JENNIFER TARQUINIO** |

EXHIBIT "J" PG 1

BROCK AND SCOTT PLLC
SUITE 200
1501 NW 49TH ST
FORT LAUDERDALE, FL
33309

954-618-6955 X6156(W)

## EVENTS & ORDERS OF THE COURT

### OTHER EVENTS AND HEARINGS

| Date | Event |
|---|---|
| 01/12/2016 | **OBJECTION** |
| | *TO SALE AND MOTION TO STAY* |
| 01/12/2016 | **EXHIBIT** |
| | *(B1) COPY BANKRUPTCY DOCKET* |
| 01/12/2016 | **EXHIBIT** |
| | *(D) COPY MOTION TO ISSUE CERTIFICATE OF TITLE* |
| 01/12/2016 | **EXHIBIT** |
| | *(F) COPY CORRESPONDENCE TO COURT IN RE: PROPOSED ORDER* |
| 01/12/2016 | **EXHIBIT** |
| | *A - COPY CERTIFICATE OF TITLE* |
| 01/12/2016 | **EXHIBIT** |
| | *B - COPY BANKRUPTCY COURT RECEIPT* |
| 01/12/2016 | **EXHIBIT** |
| | *C - ACTUAL TIME OF SALE* |
| 01/12/2016 | **EXHIBIT** |
| | *E - COPY ORDER GRANTING MOTN TO ISSUE CERTIFICATE OF TITLE* |
| 01/12/2016 | **EXHIBIT** |
| | *G - COPY MOTN TO RECONSIDER ORDER GRANTING MOTN TO ISSUE CERTIFICATE OF TITLE - PRO SE* |
| 01/11/2016 | **EXHIBIT** |
| | *A - CERTIFICATE OF TITLE* |
| 01/11/2016 | **EXHIBIT** |
| | *B1 - BANKRUPTCY COURT DOCKETING* |
| 01/11/2016 | **EXHIBIT** |
| | *(B) COPY OF BANKRUPTCY COURT RECEIPT* |
| 01/11/2016 | **EXHIBIT** |
| | *(C) MOTION TO ISSUE CERTIFICATE OF TITLE PRO SE* |
| 01/11/2016 | **MOTION** |
| | *TO RECONSIDER ORDER GRANTING MOTION TO ISSUE CERTIFICATE OF TITLE PRO SE* |
| 01/08/2016 | **CORRESPONDENCE TO COURT RE:** |
| | *ATTY COVER LETTER* |
| 01/08/2016 | **ORDER GRANTING** |
| | *MOTION TO ISSUE CERTIFICATE OF TITLE* |
| 01/06/2016 | **CASE REOPENED** |
| 01/06/2016 | **MOTION** |
| | *(SUCCESSFUL BIDDER) TO ISSUE CERT OF TITLE- PRO SE* |
| 01/06/2016 | **EXHIBIT** |
| | *C - COPY CERTIFICATE OF TITLE* |
| 01/06/2016 | **COPY** |
| | *US BANKRUPTCY COURT DATABASE* |
| 01/05/2016 | **JUDICIAL ONLINE SALE** (10:00 AM) (Judicial Officer ONLINE SALE, JUDICIAL) |
| | *REC VER* |
| 01/05/2016 | **SUGGESTION OF BANKRUPTCY AS TO:** |
| | *STUART JOSEPH SELVAGGI (NONCASE PARTY) / RECEIVED AFTER SALE COMPLETE* |
| 01/05/2016 | **CERTIFICATE OF SALE** |
| | *MICHAEL J AND LUCILLE M HALL* |
| 01/04/2016 | **RETURNED FROM POST OFFICE** |
| | *ORDER ON MOTION TO POSTPONE FORECLOSURE SALE OF 010516* |
| 12/28/2015 | **PUBLISHER'S AFFIDAVIT NOTICE OF SALE** |
| 12/23/2015 | **ORDER DENYING** |
| | *MOTN POSTPONE JUDICIAL ONLINE AUCTION* |
| 12/23/2015 | **DEF/RESP'S MOTION** |
| | *TO POSTPONE JUDICIAL ONLINE AUCTION - PRO SE* |
| 12/09/2015 | **NOTICE OF SALE** |
| 09/08/2015 | **FINAL DISPOSITION FORM** |
| 09/08/2015 | **EXHIBIT** |
| | *P1 COMP 1 - LOAN DOCUMENTS* |
| 09/08/2015 | **DEFAULT JUDGMENT (SRS DISPO)** |
| 09/08/2015 | **FINAL JUDGMENT OF FORECLOSURE** |
| | *Vol./Book 18916, Page 1569,  6 pages* |
| 09/04/2015 | **MOTION** |
| | *EMERGENCY/THIRD PARTY TITLE HOLDER REQUEST TO POSTPONE HEARING* |
| 09/04/2015 | **EXHIBIT** |
| | *BAILOUT AMOUT TO OCWEN* |
| 09/04/2015 | **EXHIBIT** |
| | *ARTICLE REFERRING TO VIOLATION OF CONSUMER VIOLATION LAWS* |
| 09/04/2015 | **EXHIBIT** |
| | *THIRD PARTY PROOF OF CERTIFICATE OF TITLE* |
| 09/02/2015 | **CERTIFICATE OF COMPLIANCE W/FORECLOSURE PROCEDURES** |
| 08/28/2015 | **NOTICE OF FILING** |
| | *AFFIDAVITS* |

EXHIBIT "J" pg 2

| 08/28/2015 | **AFFIDAVIT OF ATTORNEY FEES** |
| | *(REASONABLE)* |
| 08/28/2015 | **AFFIDAVIT OF ATTORNEY FEES** |
| | *AND COSTS* |
| 08/21/2015 | **AMENDED** |
| | *TRIAL WITNESS AND EXHIBIT LISTS* |
| 08/18/2015 | **MOTION** |
| | *TO BE ADDED AS PARTY TO THIS ACTION - PRO SE* |
| 08/04/2015 | **WITNESS LIST** |
| | *(PLTF TRIAL)/EXHIBIT LIST* |
| 08/04/2015 | **NOTICE OF SERVICE OF:** |
| | *ATTD COPY OF ORDER SETTING NON-JURY TRIAL* |
| 06/24/2015 | **ORDER SCHEDULING NON-JURY TRIAL** |
| | *090415 11:45* |
| 05/06/2015 | **DEFAULT ENTERED** |
| | *Party:  THE BANK OF NEW YORK MELLON* |
| 05/01/2015 | **NOTICE TO SET CASE FOR NON-JURY TRIAL** |
| 04/30/2015 | **PLTF/PET'S MOTION FOR DEFAULT** |
| | *DEFAULT ETNERED 5/6/2015* |
| 04/28/2015 | **NOTICE OF SUBSTITUTION OF COUNSEL** |
| | */DIRECTIONS TO CLERK TO UPDATE ATTY INFO* |
| 03/31/2015 | **CERTIFICATE OF MAILING** |
| | *Party:  PARKER, MONIQUE E* |
| 03/27/2015 | **MOTION** |
| | *TO BE ADDED AS PARTY TO THIS ACTION- PRO SE* |
| 01/26/2015 | **SUMMONS - RETURNED SERVED:** |
| | *012015 THE BANK OF NEW YORK MELLON* |
| 01/02/2015 | **REQUEST FOR SUMMONS** |
| | *ISSUED 1/5/15 FOR BANK OF NEW YORK MELLON* |
| 12/23/2014 | **CERTIFICATE** |
| | *OF MAILING* |
| 12/23/2014 | **EXHIBIT** |
| | *COPY ORDER TO SUB PARTY /ISSUE SUMMONS* |
| 12/05/2014 | **CORRESPONDENCE TO COURT RE:** |
| | *PROPOSED ORDER* |
| 12/05/2014 | **CORRESPONDENCE TO COURT RE:** |
| | *PROPOSED ORDER RCVD BY COURT 120114* |
| 12/05/2014 | **ORDER SUBSTITUTING PARTY** |
| | *DEFT* |
| 11/07/2014 | **NOTICE OF HEARING** |
| | *120114 11:00(TELEPHONIC)* |
| 10/03/2014 | **PLTF/PET'S MOTION SUBSTITUTING PARTY** |
| | */ DIRECT CLERK TO ISSUE SUMMONS* |
| 10/03/2014 | **EXHIBIT** |
| | *A - ASSIGNMENT OF MORTGAGE* |
| 10/03/2014 | **EXHIBIT** |
| | *B - SUMMONS* |
| 03/27/2014 | **CORRESPONDENCE TO COURT RE:** |
| | *PROPOSED ORDER* |
| 03/27/2014 | **ORDER FOR SUBSTITUTION OF COUNSEL** |
| | *FOR PLTF* |
| 03/24/2014 | **PLTF/PET'S MOTION** |
| | *FOR SUBSTITUTION OF COUNSEL* |
| 03/24/2014 | **EXHIBIT** |
| | *(A) CONSENT* |
| 03/24/2014 | **EXHIBIT** |
| | *CASES TRANSFERS* |
| 03/24/2014 | **STIPULATION FOR SUBSTITUTION OF COUNSEL** |
| 03/21/2014 | **NOTICE OF CANCELLATION** |
| | *OF HEARING 040114* |
| 03/10/2014 | **NOTICE OF APPEARANCE** |
| 01/27/2014 | **NOTICE OF HEARING** |
| | *040114 9:00* |
| 01/09/2014 | **CERTIFICATE OF COMPLIANCE W/FORECLOSURE PROCEDURES** |
| 12/31/2013 | **NOTICE OF FILING** |
| | *ATTACHED ORIGINAL NOTE* |
| 10/21/2013 | **RETURNED FROM POST OFFICE** |
| | *REASSIGNMENT OF YOUR CASE FROM SECTION 20 TO SECTION 21 INSTRUCTIONS TO LAWYERS AND LITIGANTS RETD BY PO* |
| 10/16/2013 | **RETURNED FROM POST OFFICE** |
| | *REASSIGNMENT OF YOUR CASE FROM SECTION 20 TO SECTION 21 INSTRUCTIONS TO LAWYERS AND LITIGANTS RETD BY PO* |
| 10/16/2013 | **RETURNED FROM POST OFFICE** |
| | *REASSIGNMENT OF YOUR CASE FROM SECTION 20 TO SECTION 21 INSTRUCTIONS TO LAWYERS AND LITIGANTS RETD BY PO* |
| 10/07/2013 | **SECTION 20 TRANSFER CALENDAR  (12:01 AM) ()** |
| 10/07/2013 | **CORRESPONDENCE FROM CLERK RE:** |
| | *TRANSFER OF CASE TO NEW SECTION PER ADMIN ORDER 13-062* |
| 09/18/2013 | **PLTF/PET'S MOTION FOR SUMMARY JUDGMENT** |
| 09/18/2013 | **AFFIDAVIT OF INDEBTEDNESS** |
| 09/18/2013 | **AFFIDAVIT AS TO COSTS** |
| 09/18/2013 | **AFFIDAVIT OF ATTORNEY FEES** |
| | *AND TIME* |
| 09/18/2013 | **AFFIDAVIT** |
| | *IN SUPPORT OF ATTYS TIME* |
| 08/23/2013 | **DEFAULT ENTERED** |

EXHIBIT "J" pg 3

|            |                                                                           |
|------------|---------------------------------------------------------------------------|
|            | Party: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC                       |
|            | Party: PARKER, MARILYN                                                     |
|            | Party: PARKER, TOM                                                         |
| 08/19/2013 | **PLTF/PET'S MOTION FOR DEFAULT**                                         |
| 08/19/2013 | **RECORDED NOTICE OF DROPPING**                                          |
|            | *WITHOUT PREJUDICE*                                                        |
|            | Party: UNKNOWN SPOUSE OF MARILYN PARKER                                   |
|            | Party: UNKNOWN SPOUSE OF TOM PARKER                                       |
|            | Party: UNKNOWN TENANT/OCCUPANT                                            |
| 08/19/2013 | **AFFIDAVIT AS TO MILITARY SERVICE**                                     |
| 08/05/2013 | **NOTICE BORROWER NONPART FORECLOSURE MEDIATION**                        |
|            | *AND CANCELLATION OF MEDIATION SET 081513*                                |
| 05/30/2013 | **ORDER REFERRAL FORECLOSURE MEDIATION**                                 |
| 04/02/2013 | **SUMMONS - RETURNED SERVED:**                                           |
|            | *032113*                                                                  |
|            | Party: PARKER, MARILYN                                                     |
| 04/02/2013 | **SUMMONS - RETURNED NOT SERVED:**                                       |
|            | Party: UNKNOWN SPOUSE OF MARILYN PARKER                                   |
| 04/02/2013 | **SUMMONS - RETURNED SERVED:**                                           |
|            | *032113*                                                                  |
|            | Party: PARKER, TOM                                                         |
| 04/02/2013 | **SUMMONS - RETURNED NOT SERVED:**                                       |
|            | Party: UNKNOWN SPOUSE OF TOM PARKER                                       |
| 04/01/2013 | **ANSWER OF**                                                             |
|            | *AND AFFIRMATIVE DEFENSES*                                                 |
|            | Party: PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOC INC                     |
| 03/29/2013 | **SUMMONS - RETURNED SERVED:**                                           |
|            | *031513*                                                                  |
|            | Party: PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOC INC                     |
| 03/22/2013 | **SUMMONS - RETURNED NOT SERVED:**                                       |
|            | Party: UNKNOWN TENANT/OCCUPANT                                            |
| 03/21/2013 | **SUMMONS - RETURNED SERVED:**                                           |
|            | *031413*                                                                  |
|            | Party: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC                       |
| 03/06/2013 | **CASE FILED**                                                           |
|            | Party: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC                       |
|            | Party: PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOC INC                     |
|            | Party: PARKER, MARILYN                                                     |
|            | Party: PARKER, TOM                                                         |
|            | Party: UNKNOWN SPOUSE OF MARILYN PARKER                                   |
|            | Party: UNKNOWN SPOUSE OF TOM PARKER                                       |
|            | Party: UNKNOWN TENANT/OCCUPANT                                            |
| 03/06/2013 | **NOTICE OF LIS PENDENS**                                                |
|            | Vol./Book 17918, Page 273, 2 pages                                       |
| 03/06/2013 | **VALUE OF REAL PROP/MORTGAGE FORECLOSURE CLAIM**                        |
| 03/06/2013 | **FORM A-PLAINTIFF CERTIFICATE**                                        |
| 03/06/2013 | **CIVIL COVER SHEET**                                                    |
| 03/06/2013 | **COMPLAINT**                                                            |
| 03/06/2013 | **PLAINTIFF'S CERTIFICATION OF SETTLEMENT AUTHORITY**                   |
| 03/06/2013 | **SUMMONS TO PROCESS SERVER - PICK UP**                                 |
|            | *DPS*                                                                     |
|            | Party: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC                       |
|            | Party: PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOC INC                     |
|            | Party: PARKER, MARILYN                                                     |
|            | Party: PARKER, TOM                                                         |
|            | Party: UNKNOWN SPOUSE OF MARILYN PARKER                                   |
|            | Party: UNKNOWN SPOUSE OF TOM PARKER                                       |
|            | Party: UNKNOWN TENANT/OCCUPANT                                            |

---

## FINANCIAL INFORMATION

**PLAINTIFF** OCWEN LOAN SERVICING LLC



**Court Ordered**  *Click Here!*

*Pay Now!*  **Fines, Fees, Costs?**

| | | |
|---|---|---|
| Total Financial Assessment | | 3,373.10 |
| Total Payments and Credits | | 3,373.10 |
| **Balance Due as of 01/13/2016** | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 03/06/2013 | Transaction Assessment | | | 1,988.00 |
| 03/06/2013 | Transaction Assessment | | | 5.00 |
| 03/06/2013 | Counter Payment | Receipt # SPB-2013-04748 | GRONDIN, DARLA | (1,993.00) |
| 09/13/2013 | Transaction Assessment | | | 10.00 |
| 09/13/2013 | Mail Payment | Receipt # CV-2013-74650 | PARKER, MONIQUE E | (10.00) |
| 01/06/2015 | Transaction Assessment | | | 10.00 |
| 01/06/2015 | Counter Payment | Receipt # CV-2015-00358 | OCWEN LOAN SERVICING LLC | (10.00) |

EXHIBIT "J" pg 4

| Date | Transaction | Receipt | Party | Amount |
|---|---|---|---|---|
| 06/12/2015 | Transaction Assessment | | | 29.00 |
| 06/12/2015 | Counter Payment | Receipt # CV-2015-21014 | STUART SELVAGGI | (29.00) |
| 01/04/2016 | Transaction Assessment | | | 70.00 |
| 01/04/2016 | REALAUCTION PAYMENT | Receipt # RA-2016-00023 | COLLINS MALLARD | (70.00) |
| 01/05/2016 | Transaction Assessment | | | 1,206.10 |
| 01/05/2016 | Counter Payment | Receipt # CV-2016-00275 | LUCILLE OR MIKE HALL | (1,206.10) |
| 01/07/2016 | Transaction Assessment | | | 3.00 |
| 01/07/2016 | Counter Payment | Receipt # CV-2016-00709 | THIRD PARTY | (3.00) |
| 01/11/2016 | Transaction Assessment | | | 2.00 |
| 01/11/2016 | Counter Payment | Receipt # CV-2016-01166 | MISC CUST @ WIN 2 | (2.00) |
| 01/12/2016 | Transaction Assessment | | | 50.00 |
| 01/12/2016 | Counter Payment | Receipt # CV-2016-01281 | STUART SELVAGGI | (50.00) |

EXHIBIT "J" p 5.

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT, IN AND FOR PINELLAS COUNTY, FLORIDA, CIVIL DIVISION

UCN: 522013CA002609XXCICI

REF: 13-002609-CI

Ocwen Loan Servicing, LLC Plaintiff,

and

Marilyn Parker, et al  Defendants

```
RECEIVED
CIVIL COURT RECORDS
JAN 1 2 2016
KEN BURKE
CLERK CIRCUIT COURT
PINELLAS COUNTY
```

## OBJECTIONS TO SALE AND MOTION TO STAY

Stuart Selvaggi now comes and files this his Objection to the foreclosure sale held   on January 5, 2016 in the above referenced case, and Motion to Stay all judicial and enforcement processes and procedures on this matter pending the Chapter 13 case filed, and as grounds therefore would show:

1. Stuart Selvaggi is the legal owner and has legal interest in the subject property having address of 8410 66th Way North, Pinellas Park, FL 33781 and the legal description of Lot 1, Block 7 of Palmbrooke Townhomes, according to the Plat thereof as recorded on Plat Book 130, pages 35 through 39, of the Public Records of Pinellas County, Florida having acquired title as evidenced by Exhibit A, Certificate of Title.  This is Selvaggi's legal interest in the property.

2. Stuart Selvaggi has beneficial interest in this property evidenced by the purchase reflected on the Exhibit A Certificate of Title; consideration of which was $40,000; and all payments made since June 4, 2014 for all maintenance, insurance, and HOA monthly dues.

2. The below captioned Chapter 13 case was filed on January 5, 2016 PRIOR to the foreclosure auction scheduled on the same day for Case 13-002609-CI:

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

IN RE:
STUART SELVAGGI

CASE NO. 8:16-BK-0033-CPM
CHAPTER 13

Instant bankruptcy case was filed prior to the commencement of the foreclosure auction

Page 1 of 4

*EXHIBIT "K" pg 1*

on January 5, 2016 in the above captioned civil case.  Please see Exhibit B, copy of receipt from this Division showing date, time, and the case number issued immediately upon filing of the bankruptcy case.  The bankruptcy case was opened and case number assigned at 09:24:15 January 5, 2016 by the Clerk of the United States Bankrutpcy Court, Tampa Division.   Exhibit B1 is the docket from Pacer showing this filing.

The Auction was scheduled to start at 10:00:00am January 5, 2016.

The actual recorded time of the auction for the subject property was 11:17am as evidenced by Exhibit B, C.

The bankruptcy case was filed at 9:27am on January 5, 2016; the auction occurred on the same day,  1 hour and 50 minutes AFTER the filing of bankruptcy, at 11:17am January 5, 2016

The Automatic Stay arises automatically upon the filing of a bankruptcy petition.  Debtor need do nothing else to effect the stay. **11 U.S. Code § 362**

### 3.    **The subject property is the property of the bankruptcy estate.**

The commencement of a case under section <u>301</u>, <u>302</u>, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

**(1)**Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.  **11 U.S. Code § 541 (a).**

### 4. **The Automatic Stay applies to the property of the bankruptcy estate.**

**(a)**Except as provided in subsection (b) of this section, a petition filed under section <u>301</u>, <u>302</u>, or <u>303</u> of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
**(1)**the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
**(4)** any act to create, perfect, or enforce any lien against property of the estate

EXHIBIT "K" pg 2

**11 U.S. Code § 362**

**5. The foreclosure auction occurred AFTER the commencement of the instant bankruptcy case and violates the Automatic Stay.**

6.  Any continuance of the judicial process of the state court civil matter against the Ch 13 debtor  Selvaggi that was commenced before the commencement of the Chapter 13 case is a violation of the Automatic Stay.

 The Auction which took place on January 5, 2016 is Void Ab Inito and in violation of the Automatic Stay.

The filing of the Motion to Issue Certificate of Title filed by Michael J and Lucille M Hall on January 6, 2016, attached Exhibit **D**, is  violation of the Automatic Stay.

The Order to Issue Certificate of Title, attached as Exhibit **E**, issued and dated January 7, 2016  is violation of the Automatic Stay.

Any continuance of process in Case 13-002609-CI after the Chapter 13 filing date and time of 09:24:15 January 05, 2016 is in clear violation of the Automatic Stay.

Any actions or process resulting from the Order dated January 7, 2016 would be violation of the Automatic Stay, including issue of the certificate by the Clerk of Courts, and the filing of such.

Writ of possession in this matter would be violation of the Automatic Stay.


6.  Under the 2015 Florida statute 45.031 Judicial sales procedures, the certificate of title shall be filed if no objections to the sale are filed within 10 days:

45.031 (5)    CERTIFICATE OF TITLE.—If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party in substantially the following form:

The Order signed January 7, 2016 attached as Exhibit **E** was signed  only two days after the auction date of January 5.  The ten day Objection period was not allowed by the Order dated January 7, 2016.

7.  You received on January 6 the high bidders' letter and proposed Order, attached as Exhibit **F**. The Order was signed on January 7, 2016.  However,  neither of these were filed in the civil court records department until January 8, 2015 at 4:44pm, 14 minutes AFTER the records department closed.  The public court docket was not updated until Monday January 11, 2016.  The effect of these occurences was that Selvaggi was unaware of these communications, letter, proposed Order, and signed Order until January 11, 2016,  Five days after receipt.

EXHIBIT "K" pg 3

8.  On January 11, 2016 immediately upon discovery of the Order dated January 7, Selvaggi filed his Motion to Reconsider Order Granting Motion To Issue Certificate of Title, attached as Exhibit*G*.

Stuart Selvaggi prays this Honorable Court will sustain his Objection to the Sale of January 5, 2016 and to stay issuance Certificate of Title,  to stay any other process including Writ of Possession in this instant case,  pending Selvaggi's Chapter 13 bankruptcy case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished by mail to the persons listed below this _12_ day of _January_, 20_16_.


**OCWEN LOAN SERVICING LLC**
**c/o Brock and Scott PLLC**
**1501 NW 49th St, Suite 200**
**Ft. Lauderdale, FL 33309**

**Michael J and Lucille M Hall**
**6648 83rd Ave North**
**Pinellas Park, FL 33781**


**THE BANK OF NEW YORK MELLON**
*FORMERLY KNOWN AS*  THE BANK OF NEW YORK AS TRUSTEE FOR ETC
 ONE WALL STREET
 NEW YORK, NY 10286


**PARKER, TOM** *ALSO KNOWN AS*  PARKER, TOM W
 8410 66TH WAY N
 PINELLAS PARK, FL 33781

**PARKER, MARILYN** *ALSO KNOWN AS*  PARKER, MARILYN W
 8410 66TH WAY N
 PINELLAS PARK, FL 33781

**PALMBROOKE TOWNHOMES PROPERTY OWNERS ASSOCIATION INC**
**MONIQUE E PARKER**
 RABIN PARKER P A
 28163 US HWY 19 N
 SUITE 207
 CLEARWATER, FL 33761


Stuart Selvaggi
8410 66th Way North
Pinellas Park, FL 33781
650-906-8370

EXHIBIT "K" pg 4.

Stuart Joseph Selvaggi
8410 66th Way North
Pinellas Park, FL 33781
650-906-8370

**JENNIFER TARQUINO, Esq.**
Brock & Scott
1501 NW 49th Street, Suite 200
Ft. Lauderdale, Fl 33309
954-618-6955 x6156
Fax: 954-618-6954

**SENT BY FACSIMILE, EMAIL, US CERTIFIED MAIL, and US POST MAIL on 1/11/2016**

January 10, 2016

Re:     Ref  Civil Case 13-002609-CI
        UCN: 522013CA002609XXCICI
        Ocwen Loan Servicing, LLC  v Marilyn Parker, et al
        Subject property address:   8410 66th Way North
                                    Pinellas Park, FL 33781

Ms. Tarquino:

**You are Hereby Served Notice that you and your client Ocwen Loan Servicing, LLC are in Violation of 11 U.S. Code § 362 Automatic Stay.**

The below captioned Chapter 13 case was filed on January 5, 2016 PRIOR to the foreclosure auction scheduled on the same day for Case 13-002609-CI:

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

IN RE:
STUART JOSEPH SELVAGGI                CASE NO. 8:16-BK-0033-CPM
                                      CHAPTER 13

Instant bankruptcy case was filed prior to the commencement of the foreclosure auction on January 5, 2016 in the above captioned civil case.  Please see Exhibit A, copy of receipt from this Division  showing date, time, and the case number issued immediately upon filing of the bankruptcy case.

Stay arises automatically upon the filing of a bankruptcy petition.  Debtor need do nothing else to effect the stay. **11 U.S. Code § 362**

1

EXHIBIT " L "

I am the Petitioner/Debtor in this instant bankruptcy case.

I have legal interest in the subject property evidenced by Exhibit B, Certificate of Title.

I have equitable interest in this property evidenced by the purchase reflected on the Certificate of Title, and all payments made since that date.

**The subject property is the property of the bankruptcy estate.**

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
**(1)**Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
**11 U.S. Code § 541 (a).**

**The Automatic Stay applies to the property of the bankruptcy case.**

**(a)**Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
**(4)** any act to create, perfect, or enforce any lien against property of the estate
**11 U.S. Code § 362**

**The foreclosure auction occurred AFTER the commencement of the instant bankruptcy case and violates the Automatic Stay.**

This auction which took place on January 5, 2016 is **Void Ab Inito.**

2

EXHIBIT L

Once notice is given to attorney in state court civil action which violates the Automatic Stay, to avoid award of damages or finding of contempt, attorney has affirmative duty to undo technical violation of Automatic Stay when foreclosure auction occurred.    After such notification, attorney's failure to undo technical violation transforms the technical violation into **willful stay violation**, thus attorney would be held in contempt of court and would be ordered to pay attorney fees that had resulted from having to bring the matter before the court. **11 U.S. Code § 362(h).**

Damages may be awarded for violations of the automatic stay when the violation is willfull. **11 U.S. Code § 362.**

**You have been Noticed.  Take affirmative action immediately by filing Motion and Order to Void occurring on January 5, 2016 Sale to undo the technical violation of the Automatic Stay.**

**Any further enforcement or collection action in your instant state court civil matter constitutes a Willful and Intentional Violation of the Automatic Stay.**

**Lack of attorney affirmative action to immediately file Motion and Order to Void in instant state court civil matter to the Sale of January 5, 2016 and thereby undo the violation of the Automatic Stay, or**

**any further enforcement or collection action including issuance of Certificate of Title will result in the  immediate filing of Emergency Motion for Contempt of Court, Motion for Damages (Actual and Distress) for Violation of Automatic Stay, Motion for Sanctions and Motion for Award of Attorneys Fees.**

Stuart Joseph Selvaggi
8410 66th Way North
Pinellas Park, FL 33781
Direct:  650-906-8370
Fax:  888-490-7478
Email: sjselvaggi@hotmail.com

3

EXHIBIT L

**FedEx**®

January 13,2016

Dear Customer:

The following is the proof-of-delivery for tracking number **782144222505**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | M.RENEE | **Delivery location:** | Fort lauderdale, FL |
| **Service type:** | FedEx Priority Overnight | **Delivery date:** | Jan 12, 2016 08:45 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 782144222505 | **Ship date:** | Jan 11, 2016 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
Fort lauderdale, FL US

**Shipper:**
Pinellas park, FL US

Thank you for choosing FedEx.

EXHIBIT "M"