ORDERED.

Dated:  January 25, 2016

_____
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                  Case No. 8:16-bk-00033-CPM

  STUART JOSEPH SELVAGGI,                                    Chapter 13

      Debtor.
_____/

### ORDER TO SHOW CAUSE TO MICHAEL AND LUCILLE HALL

      THIS CASE came on for consideration on the Court's own motion to consider entry of an appropriate order.  The record in this case reflects that the Debtor's bankruptcy petition was received by the Bankruptcy Court Clerk's Office at 9:23 a.m. on January 5, 2016 (albeit not docketed by the Clerk's Office until 11:28 a.m. on January 6, 2016).  The Court takes judicial notice of the docket in a foreclosure action involving property in which the Debtor has an interest (the "Subject Property"), Case No. 13-2609-CI, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County (the "Foreclosure Action").  The docket in the Foreclosure Action shows a Judicial Online Sale scheduled for 10:00 a.m. on January 5, 2016.  The docket also shows that a Certificate of Sale was entered, followed immediately by a Suggestion of Bankruptcy, on the same day, January 5, 2016.  On January 6, 2016, Michael J. Hall and Lucille M. Hall (the "Halls"), in their capacity as the winning bidders at the conclusion of the sale of the Subject Property, filed a Motion to Issue Certificate of Title (the "Motion for Title"), a copy of

which the Debtor attached to his motion for emergency relief (Doc. 12) filed in the instant bankruptcy case. In their Motion for Title, the Halls state, among other things:

> On January 5, 2016, a non-party to the above referenced case, Stuart Joseph Selvaggi, filed a Suggestion of Bankruptcy…
>
> Exhibit C shows that a Certificate of Title [on the Subject Property] was issued to Stuart Selvaggi … on June 5, 2014.
>
> [T]he Suggestion of Bankruptcy filed should not have any bearing on issuance of the certificate of title.

Accordingly, it is

**ORDERED** that Michael and Lucille Hall are directed to appear before the undersigned on February 9, 2016, at 2:00 p.m., Courtroom 8B, 801 North Florida Avenue, Tampa, Florida 33602, and show cause why the Court should not publicly reprimand the Halls and consider imposing sanctions against them for: 1) having violated the automatic stay under 11 U.S.C. § 362 that arose upon the filing of Mr. Selvaggi's current bankruptcy case on January 5, 2016, by filing their motion for a certificate of title without first seeking relief from the bankruptcy court despite knowledge that Mr. Selvaggi has an interest in the Subject Property and that Mr. Selvaggi had filed a Suggestion of Bankruptcy, and 2) having misrepresented to the judge in the Foreclosure Action in their Motion for Title that Mr. Selvaggi's Suggestion of Bankruptcy should have no bearing on the issuance of the certificate of title.

The Clerk is directed to serve a copy of this order on the Michael and Lucille Hall at 6648 83rd Ave. North, Pinellas Park FL 33781, the Debtor, and interested non-CM/ECF users.