ORDERED.

Dated:  March 23, 2018

_____
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                      Case No. 8:16-bk-00033-CPM

  Stuart Selvaggi,                                                                Chapter 13

       Debtor.
_____/

### ORDER ON ORDER TO SHOW CAUSE TO OCWEN LOAN SERVICING

THIS CASE came before the Court on January 8, 2018, for a trial on damages for violation of the automatic stay by Ocwen Loan Servicing, LLC ("Ocwen") as described in the Court's Order to Show Cause (Doc. 62).  In its Motion to Discharge Order to Show Cause (Doc. 144), Ocwen conceded liability for action taken by its foreclosure counsel Brock & Scott, PLLC ("Brock & Scott"), as Ocwen's agent.  Based on representations made in Ocwen's motion and declarations attached thereto, as well as representations made orally in open court by representatives of Ocwen, Brock & Scott, and Ocwen's bankruptcy counsel, the Court finds that: (i) Brock & Scott has revised its Bankruptcy Hold Policy and Procedures (the "Procedures") to develop measures reasonably designed to prevent future stay violations of the type that occurred in this case and (ii) Brock & Scott has agreed to train all current and subsequently hired nonbankruptcy attorneys and staff about the automatic stay that arises under the Bankruptcy Code and how to avoid violating the stay.  The Court further finds that the time and money spent revising the Procedures and defending against this Order to Show Cause, together with the monetary sanctions described below—which are intended to

compensate the Debtor for the inconvenience and stress he experienced in dealing with the stay violation—constitute appropriate rehabilitative and deterrent sanctions.[1]  Therefore, for the reasons stated orally and recorded in open court that shall constitute the decision of the Court, it is

**ORDERED**:

1. Brock & Scott shall train all current and subsequently hired nonbankruptcy attorneys and staff about the automatic stay that arises under the Bankruptcy Code and how to properly monitor its clients' foreclosure cases so that no foreclosure case proceeds without approval from an attorney in the firm's bankruptcy department in accordance with the firm's revised Procedures.

2. Within 30 days from the date of entry of this order, Ocwen (either directly or through its counsel) shall provide the Debtor with four tickets to the Schlitterbaun Water Park in or near Austin, Texas, and $730.00 ($400.00 toward dinner out with his family at Sullivan's Steakhouse, $280.00 for his air travel, and $50 toward his automobile rental).

The Clerk is directed to serve a copy of this order on the Debtor. Otherwise, service shall be by CM/ECF only.

---

[1] If the Court learns of any stay violation by Brock & Scott following the firm's implementation of the Procedures, the Court may conclude that the rehabilitative and deterrent sanctions imposed by this order were ineffective and may, therefore, impose punitive sanctions against the firm absent compelling evidence that Brock & Scott took every possible precaution to prevent the violation.